UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01743-FWS-JDE                    Date: November 2, 2023
Title: Steve Molino v. Volvo Car USA LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISIDCTION**

This action was removed to this court on September 15, 2023 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. 1.) Because Defendant is a limited liability company but the Notice of Removal did not allege the citizenships of its members, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), the court ordered Defendant to show cause why this action should not be remanded for lack of subject matter jurisdiction, (Dkt. 10). A response to that order was due October 3, 2023, (*id.* at 2); the court has received none as of the date of this order, (*see generally* Dkt.).

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "[T]he removal statute is strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861

---

**CIVIL MINUTES – GENERAL**                                                                 **1**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01743-FWS-JDE                    Date: November 2, 2023
Title: Steve Molino v. Volvo Car USA LLC *et al.*

F.2d 1389, 1393 (9th Cir. 1988)).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000*. See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").  If a party is a partnership, limited liability company, or other unincorporated association, the court must consider the citizenship of each of the partners, including limited partners, or members, must be alleged.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson*, 437 F.3d at 899.  If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return.  *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Federal question jurisdiction refers the court's original jurisdiction over civil actions "arising under" the Constitution, laws, or treaties of the United States.  *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022); 28 U.S.C. § 1331.  A case "arises under" federal law when federal law creates the cause of action asserted or in limited circumstances where a state law claim presents a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 257-58.  Federal question jurisdiction

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01743-FWS-JDE                                  Date: November 2, 2023
Title: Steve Molino v. Volvo Car USA LLC *et al.*

cannot be invoked based on an anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009).

      As previously noted, (Dkt. 10 at 2), the Notice of Removal alleges Defendant Volvo Cars USA, LLC, is a Delaware limited liability company with its principal place of business in New Jersey, (Dkt. 1 ¶ 10), but neither the Notice of Removal, it supporting declarations, or the Complaint state the citizenships or identities of its members.  (*See generally* Dkts. 1, 1-1, 1-2.) To establish diversity jurisdiction, the citizenship of Defendant's members must be alleged.  *See Johnson*, 437 F.3d at 899.  Having received no response to the court's earlier order to show cause identifying this issue since the deadline passed on October 3, 2023, and noting no other basis for the court's jurisdiction is alleged or apparent from the case-initiating documents, the court concludes Defendant has not established the court's subject matter jurisdiction over this action.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  The court therefore **REMANDS** this case to California Superior Court, Orange County.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

      **IT IS SO ORDERED.**

_____